UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PRO TRANSPORTATION SERVICES,
INC.,

                                Plaintiff,                             REPORT AND
                                                                   RECOMMENDATION

     -against-
                                                                     08 CV 4338 (DLI)(RML)

ANKA TRUCKING, INC.,

                             Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated March 3, 2009, the Honorable Dora Irizarry, United States District

Judge, referred plaintiff's motion for a default judgment to me to conduct an inquest on damages

and issue a Report and Recommendation.  For the reasons stated below, I respectfully recommend

that plaintiff's motion for default judgment and application for damages be granted.

## BACKGROUND AND FACTS

        In August 2007, plaintiff Pro Transportation Services, Inc. ("plaintiff"), a

transportation broker, entered into a contract with defendant Anka Trucking, Inc. ("defendant"),

a motor carrier, to transport a shipment of Enfamil-brand baby formula on behalf of plaintiff's

customer Jetro Cash & Carry ("Jetro").  (See Complaint, dated Oct. 23, 2008 ("Compl."), ¶¶ 3-4,

6; see also Broker/Carrier Load Agreement, attached to Letter of George Carl Pezold, Esq., dated

Sept. 22, 2009 ("9/22/09 Pezold Ltr.").)  Anka picked up the shipment, but before it completed

the delivery, the truck and the Enfamil were stolen in Brooklyn, never to be recovered.  (See

Compl. ¶¶ 7-10; see also Letter of Christopher Giglio, dated Aug. 15, 2007, attached to 9/22/09

Pezold Ltr.)  Jetro filed a claim with plaintiff in the amount of $201,329.15,[1] representing the invoice value of the shipment, and plaintiff in turn filed that claim with defendant.  (Compl. ¶ 12.)  Defendant's cargo insurer tendered a partial payment of $99,000.00, representing the policy limit of $100,000.00 less a deductible of $1000.00.  (Compl. ¶ 14; <u>see also</u> Letter of George Carl Pezold, Esq., dated Jan. 15, 2008 ("1/15/08 Pezold Ltr."), attached to 9/22/09 Pezold Ltr.)  Plaintiff then entered into an agreement with Jetro to pay $102,329.15 to Jetro in return for Jetro's assigning to plaintiff its interest in the claim.  (Compl. ¶ 15; <u>see also</u> Agreement between Pro Transportation Services, Inc. and Jetro Holdings, Inc. ("Undated Assignment"), attached to 9/22/09 Pezold Ltr.)  Plaintiff's general manager avers that plaintiff has tendered payment in that amount to Jetro.  (Declaration of Chris Giglio, dated Feb. 12, 2009 ("Giglio Decl."), ¶ 12.)

On October 23, 2008, plaintiff filed suit in this court under the Carmack Amendment, 49 U.S.C. § 14706, to recover the outstanding balance from defendant.  (<u>See</u> Compl. ¶¶ 1-2, 21.)  Plaintiff also seeks to recover interest on that amount "from August 11, 2007, which is the date that the shipment was scheduled to be delivered."  (Compl. ¶ 22.)  Finally, plaintiff requests "an award of reasonable attorneys' fees" (Compl. ¶ 23) and costs (Compl. at 4).  To date, defendant has submitted no answer and has not otherwise moved in relation to the complaint.

---

[1] The complaint states the amount as $201,339.15, but this appears to be a typographical error.  All of the supporting documentation indicates that the correct total is $201,329.15 (<u>see, e.g.</u>, Mead Johnson Nutritionals Invoices, dated Aug. 9, 2007, attached to 9/22/09 Pezold Ltr. (totaling $201,329.15)), and the complaint itself demands $102,329.15 after subtracting $99,000 from the invoice amount (<u>see</u> Compl. ¶¶ 14, 18).

## DISCUSSION

Plaintiff has demonstrated that defendant was properly served with the Summons and Complaint. (Affidavit of Service of Joe Donovan, sworn to Nov. 14, 2008; see also Declaration George Carl Pezold, Esq., dated Feb. 17, 2009.) In addition, a Clerk's Certificate confirms that defendant has not filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired. (Clerk's Certificate of Default Against Defendants, dated Mar. 2, 2009.) I therefore recommend that plaintiff's motion for a default judgment be granted.

Upon default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of N.Y City v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). However, "[w]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).

Plaintiff must establish the damages "in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, 973 F.2d at 158; see also Overcash v. United Abstract Group, Inc., 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought."). Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40

(2d Cir. 1989); accord Fed. R. Civ. P. 55(b)(2). In the present case, no hearing is necessary because the record amply establishes that there is a basis for the damages plaintiff seeks, and because defendant has not submitted any opposition to plaintiff's motion. See Fustok, 873 F.2d at 40.

Plaintiff has sufficiently demonstrated that defendant breached their contract. Because defendant's insurer has already tendered payment in an amount equaling nearly half the total claimed damages (see Giglio Decl. ¶ 11; 1/15/08 Pezold Ltr.), and because plaintiff has already paid to Jetro the balance of the total claimed damages (see Giglio Decl. ¶ 12), plaintiff has substantiated its claim that defendant owes it $102,329.15 in damages.

I further recommend awarding plaintiff prejudgment and postjudgment interest, which would ensure that plaintiff "'is fully compensated for its loss.'" Atl. Mut. Ins. Co. v. Napa Transp., Inc., 399 F. Supp. 2d 523, 525 (S.D.N.Y. 2005) (quoting City of Milwaukee v. Cement Div., Nat'l Gypsum Co., 515 U.S. 189, 195 (1995)) (awarding prejudgment interest under the Carmack Amendment), aff'd, 201 F. App'x 19 (2d Cir. 2006). I recommend that this interest be awarded at the rate provided for by 28 U.S.C. § 1961(a). See, e.g., Atl. Mut. Ins. Co., 399 F. Supp. 2d at 527; Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 314 F. Supp. 2d 201 (S.D.N.Y. 2003) (Lynch, J.), vacated on other grounds, 391 F.3d 77 (2d Cir. 2004).

"The next issue to be resolved is the correct date on which prejudgment interest should begin to accrue. The Court has broad discretion in making this determination . . . ." Atl. Mut. Ins. Co., 399 F. Supp. 2d at 525. Here, plaintiff requests interest accruing "from August 11, 2007, which is the date that the shipment was scheduled to be delivered." (Compl. ¶ 22.) Had Jetro brought suit instead of accepting payment (without interest), that would have been the

appropriate date.  See Atl. Mut. Ins. Co., 399 F. Supp. 2d at 526.  But here plaintiff's loss dates

only from Jetro's assignment of the action, and that would be the most suitable date from which

to begin counting interest.  The record does not specify the date of the assignment, but the

Undated Assignment indicates that it took place not later than January 15, 2008, and I

recommend counting interest from that date.

Finally, because plaintiff has made no attempt to provide the court with

information detailing its claims for fees or costs, I recommend that plaintiff's request for fees

and costs be denied.

### CONCLUSION

For the foregoing reasons, I respectfully recommend that default judgment be

entered against defendants and that plaintiffs be awarded a total of $102,329.15 plus interest.

Any objections to this Report and Recommendation must be filed with the Clerk of Court, with

courtesy copies to Judge Irizarry and to my chambers, within ten business days.  Failure to file

objections within the specified time waives the right to appeal the District Court's order.  See 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.


Dated: Brooklyn, New York
        September 25, 2009

                                        Respectfully submitted,


                                        _____/s/_____
                                        ROBERT M. LEVY
                                        United States Magistrate Judge